Tucker, P.
This case turns upon the question, whether the 5th section of the statute of limitations applies to motions upon forthcoming bonds. For although, if no reason had been assigned for the judgement, we must have affirmed it, as there is no bill of exceptions, yet as the county court rests its decision upon the statute of limitations, it must be reversed if there be no part of that statute applicable to the case. It is contended to be within the 5th section relating to judgements.
*305 The statute of executions, it is true, provides that the officer taking a forthcoming bond shall return it to the clerk’s office, to be there safely kept, and to have the, force of a rm • I . ... judgement. Ibe filing previous to the motion, is not indeed essential to it, Eppes’s ex'ors v. Colley, 2 Munf. 523. but the bond must be filed when the judgement is given, and until filed, it will not, I presume, have the force of a judgement. Were it otherwise, these newly created judgements, instead of being deposited in a fixed and known office, for examination and as notice to all concerned, would be ambulatory in the pockets of the plaintiffs or the sheriffs, to the great prejudice of executors and administrators, who must look to them as debts of superiour dignity, and to the entrapping of purchasers of the lands of the debtor, or his sureties, which would be overreached by these judgements in ambuscade. I am inclined, therefore, to think, that the bond can only have the force of a judgement after it has been filed ; and as this bond does not appear to have been filed until the motion, the statute could not even have commenced running, when the court admitted it to be a bar of the demand. Wben execution has been awarded, then indeed the case is within the principle, and perhaps within the letter of the statute; and if the plaintiff omits to take out execution for ten years, his remedy is gone forever.
Admitting, however, that the bond has, to some intents, the force of a judgement as soon as it is filed, I think it obvious, that it has not all the effect of a judgement until there has been an award of execution. No execution can be sued on it, at the mere will of the party; the authority of the court must first be obtained by motion. And even after the lapse of a year, that authority may be obtained by motion. Moreover, it cannot be obtained by scire facias, but the motion and the action of debt are the only remedies. Then, again, though the statute gives to the bond the force of a judgement, still it looks upon it, until execution has been awarded, in a far different light. A judgement is certain, fixed and conclusive. It can only be con *306 troverted by a proceeding in error; and execution is ac- . , . . cordingly awarded upon the demand ot the party, without the authority or leave of the court. And, as he has this uncontrolled power to pursue his debtor by execution, a presumption of payment arises from his failure to do so. The forthcoming bond, on the other hand, is not final and conclusive.. It was foreseen that these instruments, taken by ministerial officers, would be exceedingly liable to errors, and hence the intervention of the court was required, to ascertain the validity of this new species of judgement. No execution, can issue upon it but on motion; for the regularity of the bond may be questioned, a performance of its conditions averred, even the execution of it denied. It has not, therefore, until the award of execution, the most important characteristics of a judgement. Nor does an equally strong presumption arise from the failure to move for an award of execution, as from a failure to sue out execution. To the latter there is no conceivable impediment. To the former there may be; as, for instance, the difficulty of finding the defendant, or his absence from the country, and the like ; difficulties, which, if the case is within the 5th section of the statute of limitations, form no excuse for delay, since the bar of that section is absolute. There is yet another consideration : if a forthcoming bond be faulty, an action of debt may be brought upon it; which is clearly not within the statute. Has not the plaintiff the same right if the bond is good ? If he chooses to bring debt upon the bond, for the purpose of holding his adversary to bail, instead of serving a notice on him, which might have the effect of a notice to abscond, could his right be denied ? And if the action would lie, could it be barred by the 5th section of the statute, when the party has elected to consider the bond, as a common law bond, and not as a judgement? I should think not. And, upon the whole, I am well satisfied that this provision of the statute of limitations does not apply to a forthcoming bond before the award of execution. But when upon motion, execution is awarded, it acquires all the *307 characteristics of a judgement, and from that moment is within the statute. The party can never after elect to consider it as a common law bond ; he has fixed its character as a judgement; be can now take out execution at his pleasure. If be fails to do so within the year, he is driven to his scire facias; and if his failure continues for ten years, he is barred forever.
The other judges concurred. Judgement of the circuit court affirmed.